[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION
The application for a temporary injunction is denied. Both sides to this dispute operate competing nightclubs. Plaintiff claims it owns the trade name under which the defendants operate their business. Plaintiff wants the court to bar the defendants from using the trade name. At one time, plaintiff operated a nightclub at the location where the defendants now operate their business. The plaintiff was evicted. Thereafter, defendants' took possession of the premises and opened a nightclub under the name which the plaintiff had been using. After plaintiff was evicted, plaintiff opened a similar business in an adjoining town. The plaintiff's business is conducted under a name which is different than the trade name used by the defendants.
"[T]he requirements for a temporary injunction are (1) establishing a legal right, which involves a determination of the probability of the plaintiff's succeeding on the merits and that there is no other adequate remedy at law; and (2) the imminence of a substantial and irreparable injury to the plaintiff, considered together with the effect of a temporary injunction on the the plaintiff and the defendant." Connecticut Association of Clinical Laboratories, et al v. Connecticut Blue Cross, Inc., et al, 31 Conn. Sup. 110, 113 (1973). After considering the effect the temporary injunction would have on the plaintiff and defendants as well as the nature of the right plaintiff seeks to enforce, the court concludes that a temporary injunction should not issue. A temporary injunction is a harsh remedy which is not appropriate under the circumstances of this case.
THIM, JUDGE.